UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

v.

D-4 Abdul Haq,

           Defendant.

No. 17-CR-20465

Hon. Denise Page Hood

Offense:    18 U.S.C. § 1349

Maximum Sentence:
18 U.S.C. § 1349: 10 years /
$250,000 fine or twice the gain/loss

---

## Rule 11 Plea Agreement

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Abdul Haq (the "defendant" or "Haq") and the United States agree as follows:

1.   **GUILTY PLEA**

   **A.**   **Count of Conviction**

The defendant will enter a plea of guilty to Count One of the Indictment. Count One charges Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, and for which the penalty is a statutory maximum of 10 years' imprisonment, a fine that is greater of $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571, and a three-year term of supervised release.



GOVERNMENT
EXHIBIT

D-4

### B.   Elements of Offense

As set forth in Count One of the Indictment, the defendant is charged with conspiring to violate the health care fraud statute.  The elements of Count One are as follows:

First:          That two or more persons conspired, or agreed, to commit the crime of health care fraud; and

Second:      That the defendant knowingly and voluntarily joined the conspiracy.

The health care fraud statute, 18 U.S.C. § 1347, makes it a Federal offense for anyone, in connection with the delivery of any health care benefits, items, or services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice:  (1) to defraud any health care benefit program; or (2) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

### C.   Factual Basis for Guilty Plea

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

Beginning in or around 2008 and continuing through in or around 2017, Haq knowingly and willfully conspired with others to devise a scheme to defraud

Medicare, in violation of 18 U.S.C. § 1349. Medicare is a "health care benefit program" of the United States, as defined by 18 U.S.C. § 24, and affects commerce.

Haq was a physician licensed in the State of Michigan who was enrolled as a participating provider with Medicare for Aqua Therapy & Pain Management, Inc. ("Aqua Therapy"), Tri-County Physician Group, P.C. ("Tri-County Physicians"), and Tri-State Physician Group, P.C. ("Tri-State Physicians"). At Aqua Therapy, Tri-County Physicians, and Tri-State Physicians, Haq conspired with Mashiyat Rashid ("Rashid"), Yasser Mozeb ("Mozeb"), Spilios Pappas ("Pappas"), Joseph Betro ("Betro"), Tariq Omar ("Omar"), Mohammed Zahoor ("Zahoor") (collectively, "defendants"), and other co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting or causing the submission of false and fraudulent claims to Medicare for claims based on kickbacks and bribes; (b) submitting or causing the submission of false and fraudulent claims to Medicare for services that were (i) medically unnecessary; (ii) not eligible for Medicare reimbursement; and/or (iii) not provided as represented; (c) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud; and (d) diverting proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

In furtherance of the conspiracy, Rashid and Mozeb directed physicians, including Haq and others, to prescribe medically unnecessary controlled substances,

3

including Oxycodone, Hydrocodone, and Opana, to Medicare beneficiaries, many of whom were addicted to narcotics.

In furtherance of the conspiracy, Rashid and Mozeb also directed physicians, including Haq and others, to require Medicare beneficiaries to undergo medically unnecessary facet joint injections if the beneficiary wished to obtain prescriptions for controlled substances.  In furtherance of the conspiracy, Haq and others submitted or caused the submission of claims for facet joint injections that were not reasonable, medically necessary, documented, and/or actually provided as represented to Medicare.

Moreover, Rashid and Mozeb directed physicians, including Haq and others, to refer Medicare beneficiaries to specific third party home health agencies, laboratories, and diagnostic providers even though those referrals were medically unnecessary.

Haq also conspired with Rashid and others to submit false and fraudulent enrollment materials to Medicare that failed to disclose the ownership interest and/or managing control of Rashid, and disguise Rashid's ownership interest and/or control over these provider numbers.  These false and fraudulent enrollment materials include the following:  On or about March 8, 2011, Haq falsely certified to Medicare that he was the owner of Aqua Therapy, even though Rashid owned and controlled Aqua Therapy and Rashid's involvement was not otherwise

4

disclosed. On or about May 10, 2011, Haq falsely certified to Medicare that he was the owner of Tri-County Physicians, even though Rashid owned and controlled Tri-County Physicians and Rashid's involvement was not otherwise disclosed.

During the course of the conspiracy charged in the Indictment, Haq would submit or cause the submission of false and fraudulent claims to Medicare in the approximate amount of $19,322,846.60 on behalf of Aqua Therapy, Tri-County Physicians, and Tri-State Physicians.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against him. It does not include all of the facts known to him concerning criminal activity in which he and others engaged. The defendant makes this statement knowingly and voluntarily and because he is in fact guilty of the crime charged.

2.   **SENTENCING GUIDELINES**

A.   **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

B.   **Agreed Guideline Range**

There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is 97-121 months, as set forth on the attached worksheets. If the Court finds:

1.      That the defendant's criminal history category is higher than reflected

on the attached worksheets, or

2.      That the offense level should be higher because, after pleading guilty,

the defendant made any false statement to or withheld information

from his probation officer; otherwise demonstrated a lack of

acceptance of responsibility for his offenses; or obstructed justice or

committed any crime,

and if any such finding results in a guideline range higher than is recommended by

the parties, then the higher guideline range becomes each party's recommended

range.  However, if the Court finds that the defendant is a career offender, an armed

career criminal, or a repeat and dangerous sex offender as defined under the

sentencing guidelines or other federal law, and that finding is not already reflected

in the attached worksheets, this paragraph does not authorize a corresponding

increase in either party's recommended range.  Neither party may take a position in

this Court contrary to any position of that party reflected on the worksheets or

worksheet addendum, except as necessary to the Court's determination regarding

subsections 1) and 2), above.

3.      **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing

so must consider the sentencing guideline range.

6

### A.    Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range recommended by the government as described in Paragraph 2B.

### B.    Supervised Release

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

### C.    Special Assessment

The defendant will pay a special assessment of $100.  The defendant is required to pay the special assessment immediately after sentence is imposed and provide a receipt to the United States Attorney's Office within 24 hours of sentencing.  The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

### D.    Fine

The Court may impose a fine in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

7

**E.** **Restitution**

The Court shall order restitution to every identifiable victim of the defendant's offense. The victims and the full amounts of restitution in this case are as follows:

U.S. Department of Health and Human Services: $6,927,046.12.

**F.** **Forfeiture**

Pursuant to 18 U.S.C. § 982(a)(7) and/or § 981(a)(1)(C) with 28 U.S.C. § 2461(c), Defendant agrees to forfeit to the United States his interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the Indictment.

Defendant further agrees to forfeit all funds subject to civil forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in, or are traceable to property involved in, Money Laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i) and/or 18 U.S.C. § 1957.

Specifically, Defendant agrees to the forfeiture of the following:

a.   All Funds on Deposit and All Other Items of Value in University Bank Islamic Profit Sharing Account Number 1083155 (Approximately $942,125.49 value, as of August 21, 2017);

b.   All Funds on Deposit and All Other Items of Value in Wells Fargo Advisors Account Number 3282-3501 (Approximately $738,763.75 value, as of August 21, 2017);

    c.     All Funds on Deposit and All Other Items of Value in Wells Fargo Advisors Account Number 3716-4947 (Approximately $73,335.76 value, as of August 21, 2017);

    d.     All Funds on Deposit and All Other Items of Value in Wells Fargo Advisors Account Number 4210-8906 (Approximately $124,985.30 value, as of August 21, 2017).

In addition, Defendant agrees to the entry of a forfeiture money judgment against him in favor of the United States in the amount of $6,927,046.12, representing to the total value of the property subject to forfeiture for Defendant's violation of Count one of the Indictment, to the extent such value is not satisfied by the specific forfeitures set forth above.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant.  To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets as he has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes his rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to the entry of one or more orders of forfeiture incorporating forfeiture of the assets enumerated in this section and the above-referenced money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture, following Defendant's guilty plea, upon application by the

9

United States, at, or any time before, his sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating he consents to its entry if requested to do so by the Government.

Defendant agrees that he will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer rights, title, and ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise him of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), or otherwise, at the time of his guilty plea is accepted.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge, or any other challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant also agrees that Defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of

10

their nature of form, in the property that Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to his knowledge have accumulated as a result of illegal activities.

Such assistance will include agreement by Defendant's heirs, successors, and assigns, to forfeiture, disgorgement, transfer, or surrender, to any interest in the above-described forfeiture. Such assistance will further involve an agreement by Defendant to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

Defendant also agrees to identify all assets over which he exercises control, directly or indirectly, or has exercised such control, within the past five years. He will identify all assets in which he has or had during that time any financial interest will provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owner at any time by Defendant. He also agrees to undergo any polygraph examination the government

may choose to administer concerning such assets and to provide and/or consent to the release of his tax returns for the previous five years.

<u>Non-Abatement of Criminal Forfeiture</u>: Defendant agrees the forfeiture provisions of this Plea Agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns, until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

4. **COOPERATION AGREEMENT**

The written cooperation agreement between the defendant and the government is part of this plea agreement.

5. **USE OF WITHDRAWN GUILTY PLEA**

If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), the defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

6. **EXCLUSION FROM THE MEDICARE PROGRAM AND OTHER HEALTH CARE PROGRAMS**

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

7. **RIGHT TO WITHDRAW**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. The defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which the defendant may withdraw from this agreement. The Court shall advise the defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

13

8.  **APPEAL WAIVER**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right he may have to appeal his sentence on any grounds. If the defendant's sentence of imprisonment is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel.

9.  **CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA/VACATION OF CONVICTION**

If the defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against the defendant within six months after the date of the order vacating the defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, the defendant waives his right to challenge the additional charges on the ground that

14

they were not filed in a timely manner, including any claim that they were filed

after the limitations period expired.

10.    **PARTIES TO THE PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government

agency except the United States Department of Justice, Criminal Division, Fraud

Section and the United States Attorney's Office for the Eastern District of

Michigan.

11.    **SCOPE OF THE PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates,

is the complete agreement between the parties. This agreement supersedes all other

promises, representations, understandings and agreements between the parties

concerning the subject matter of this plea agreement that were made at any time

before the guilty plea is entered in court. Thus, no oral or written promises made by

the government to the defendant or to the attorney for the defendant at any time

before the defendant pleads guilty are binding except to the extent they have been

explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if the defendant has entered into a

proffer agreement in writing or a cooperation agreement in writing with the

government, this plea agreement does not supersede or abrogate the terms of any

such prior written agreement.

15

This agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

Daniel L. Lemisch
Acting United States Attorney

Date: 10/2/2017

Wayne Pratt
Chief, Health Care Fraud Unit
United States Attorney's Office
Eastern District of Michigan

Date: 10/2/2017

Malisa Dubal
Assistant Deputy Chief, Fraud Section
U.S. Department of Justice, Criminal Division

Date: 10/~/2017

Jacob Foster
Trial Attorney
Department of Justice
Criminal Division, Fraud Section

16

By signing below, the defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. The defendant agrees that he has had a full and complete opportunity to confer with his lawyer and has had all of his questions answered by his lawyer.

Khalid Kahloon, Esq.

Attorney for Defendant

Date:     8-28-17

Abdul Haq

Defendant

8-28-17

17

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET A (Offense Levels)

Complete one Worksheet A for each count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction) before applying the multiple-count rules in U.S.S.G. ch. 3, pt. D. However, in any case involving multiple counts of conviction, if the counts of conviction are all "closely related" to each other within the meaning of U.S.S.G. § 3D1.2(d), complete only a single Worksheet A.

1.   **BASE OFFENSE LEVEL AND SPECIFIC OFFENSE CHARACTERISTICS (U.S.S.G. ch. 2)**

| Guideline Section | Description | Levels |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1)(L) | Loss | +20 |
| 2B1.1(b)(7)(iii) | Health Care Fraud Enhancement | +3 |
| 2B1.1(b)(10)(C) | Sophisticated Means | +2 |
| | | |

2.   **ADJUSTMENTS (U.S.S.G. ch. 3, pts. A, B, C)**

| Guideline Section | Description | Levels |
|---|---|---|
| 3B1.3 | Position of Trust | +2 |
| | | |
| | | |
| | | |

A-1

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

## 3.    ADJUSTED OFFENSE LEVEL

Enter the sum of the offense levels entered in Items 1 and 2.  If this Worksheet A does not cover every count of conviction (taking into account relevant conduct and treating each stipulated offense as a separate count of conviction), complete one or more additional Worksheets A and a single Worksheet B.

33

\* \* \* \* \* \* \* \*

*If this is the only Worksheet A, check this box and skip Worksheet B.*

X

*If the defendant has no criminal history, check this box and skip Worksheet C.*

X

A-2

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET B (Multiple Counts)

### Instructions (U.S.S.G. ch. 3, pt. D):

- Group the counts of conviction into distinct Groups of Closely Related Counts. "All counts involving substantially the same harm shall be grouped together into a single Group." (*See* U.S.S.G. § 3D1.2.)

- Determine the offense level applicable to each Group. (*See* U.S.S.G. § 3D1.3.)

- Determine the combined offense level by assigning "units" to each Group as follows (*see* U.S.S.G. § 3D1.4):

  - assign 1 unit to the Group with the highest offense level,
  - assign 1 unit to each additional Group that is equally serious as, or 1 to 4 levels less serious than, the Group with the highest offense level,
  - assign ½ unit to each Group that is 5 to 8 levels less serious than the Group with the highest offense level,
  - assign no units to each Group that is 9 or more levels less serious than the Group with the highest offense level.

1. **GROUP ONE: COUNTS**
   ADJUSTED OFFENSE LEVEL _____          unit

2. **GROUP TWO: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____          unit

3. **GROUP THREE: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____          unit

4. **GROUP FOUR: COUNT(S)**
   ADJUSTED OFFENSE LEVEL _____          unit

5. **TOTAL UNITS**          units

B-1

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

**6.    INCREASE IN OFFENSE LEVEL**



1 unit ⟶ no increase  2 1/2 – 3 units ⟶ add 3 levels
1 1/2 units ⟶ add 1 level 3 1/2 – 5 units ⟶ add 4 levels
2 units ⟶ add 2 levels  > 5 levels ⟶ add 5 levels



**7.    ADJUSTED OFFENSE LEVEL OF GROUP
WITH THE HIGHEST OFFENSE LEVEL**



**8.    COMBINED ADJUSTED OFFENSE LEVEL**

Enter the sum of the offense levels entered in Items 6 and 7.



| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

## **WORKSHEET C (Criminal History)**

Date of defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses):

1.   **PRIOR SENTENCES**

**Prior Sentence of Imprisonment Exceeding 13 Months**                         **3 POINTS**
**(U.S.S.G. §§ 4A1.1(a)):**
Enter 3 points for each prior adult sentence of imprisonment exceeding one year and one month that either (1) was imposed within 15 years of the defendant's commencement of the instant offenses (taking into account relevant conduct and stipulated offenses) or (2) resulted in the defendant's confinement during any part of that 15-year period. (*See* U.S.S.G. §§ 4A1.1(a), 4A1.2(d)(1), (e)(1).)

**Prior Sentence of Imprisonment of at Least 60 Days**                         **2 POINTS**
**(U.S.S.G. §§ 4A1.1(b)):**
Enter 2 points for each prior sentence of imprisonment of at least 60 days not counted under U.S.S.G. § 4A1.1(a) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and resulted in the defendant's confinement during any part of the 5-year period preceding the defendant's commencement of the instant offense (*see* U.S.S.G. §§ 4A1.1(b), 4A1.2(d)(2)(A)).

**Other Prior Sentences**                         **1 POINT**
**(U.S.S.G. §§ 4A1.1(c)):**
Enter 1 point for each prior sentence not counted under U.S.S.G. § 4A1.1(a) or (b) that either (1) resulted from an offense committed after the defendant turned 18 and was imposed within 10 years of the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(e)(2)) or (2) resulted from an offense committed before the defendant turned 18 and was imposed within 5 years of the defendant's commencement of the instant offense (taking into account relevant conduct   and stipulated offenses) (*see* U.S.S.G. §§ 4A1.1(c), 4A1.2(d)(2)(B)). NOTE: No more than 4 points may be added under this item.

C-1

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

| Date of Imposition | Status* | Offense | Sentence | Release Date** | Points |
|---|---|---|---|---|---|
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |
| _____ | ___ | _____ | _____ | _____ | |

\* If the defendant committed the offense before turning 18, indicate whether he or she was sentenced as a juvenile (J) or as an adult (A).

\*\* A release date is required in only two situations: (1) when a sentence covered under U.S.S.G. § 4A1.1(a) was imposed more than 15 years before the defendant's commencement of the instant offense (taking into account relevant conduct and stipulated offenses) but resulted in his or her confinement during any part of that 15-year period; or (2) when a sentence counted under U.S.S.G. § 4A1.1(b) was imposed for an offense committed before the defendant turned 18 but resulted in his or her confinement during any part of the 5-year period preceding his or her commencement of the instant offense (taking into account relevant conduct and stipulated offenses).

C-2

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

**2.    COMMISSION OF INSTANT OFFENSE WHILE UNDER PRIOR SENTENCE (U.S.S.G. § 4A1.1(d))**

Enter 2 points if the defendant committed any part of the instant offense (taking into account relevant conduct and stipulated offenses) while under any criminal justice sentence having a custodial or supervisory component, including probation, parole, supervised release, imprisonment, work release, and escape status. (*See* U.S.S.G. §§ 4A1.1(d), 4A1.2(m), (n).)  List the type of control and identify the sentence from which it resulted. 

**3.    PRIOR SENTENCE RESULTING FROM CRIME OF VIOLENCE (U.S.S.G. § 4A1.1(e))**

Enter 1 point for each prior sentence resulting from a conviction for a crime of violence that did not receive any points under U.S.S.G. § 4A1.1(a), (b), or (c) because such sentence was considered related to another sentence resulting from a conviction for a crime of violence.  But enter no points where the sentences are considered related because the offenses occurred on the same occasion. (*See* U.S.S.G. §§ 4A1.1(e), 4A1.2(p).)  Identify the crimes of violence and briefly explain why the cases are considered related.  NOTE: No more than 3 points may be added under this item. 

**4.    TOTAL CRIMINAL HISTORY POINTS**
Enter the sum of the criminal history points entered in Items 1-4.

0

**5.    CRIMINAL HISTORY CATEGORY**

| Total Criminal History Points | Criminal History Category |
|:---:|:---:|
| 0-1 | I |
| 2-3 | II |
| 4-6 | III |
| 7-9 | IV |
| 10-12 | V |
| ≥ 13 | VI |

I

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

## **WORKSHEET D (Guideline Range)**

**1.   (COMBINED) ADJUSTED OFFENSE LEVEL**
Enter the adjusted offense level entered in Item 3 of Worksheet A or the combined adjusted offense level entered in item 8 of Worksheet B.

33

**2.   ADJUSTMENT FOR ACCEPTANCE OF RESPONSIBILITY**
**(U.S.S.G. § 3E1.1)**

-3 

**3.   TOTAL OFFENSE LEVEL**

Enter the difference between Items 1 and 2.

30

**4.   CRIMINAL HISTORY CATEGORY**

Enter "I" if the defendant has no criminal history. Otherwise, enter the criminal history category entered in Item 6 of Worksheet C.

I

**5.   CAREER OFFENDER/CRIMINAL LIVELIHOOD/ARMED CAREER**
**CRIMINAL/DANGEROUS SEX OFFENDER (U.S.S.G. CH. 4, PT. B)**

a.   <u>Total Offense Level:</u>   If the career offender provision (U.S.S.G. § 4B1.1), the criminal livelihood provision (U.S.S.G. § 4B1.3), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a total offense level higher than the total offense level entered in Item 3, enter the higher offense level total.

b.   <u>Criminal History Category:</u> If the career offender provision (U.S.S.G. § 4B1.1), the armed career criminal provision (U.S.S.G. § 4B1.4), or the dangerous sex offender provision (U.S.S.G. § 4B1.5) results in a criminal history category higher than the criminal history category entered in Item 4, enter the higher criminal history category.

**6.   GUIDELINE RANGE FROM SENTENCING TABLE (U.S.S.G. CH. 5, PT. A)**
Enter the guideline range in the Sentencing Table (*see* U.S.S.G. ch. 5, pt. A) produced by the total offense level entered in Item 3 or 5.a and the criminal history category entered in Item 4 or 5.b.



97-
121
months

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

7. **STATUTORY RESTRICTIONS ON OR SUPERSESSION OF GUIDELINE RANGE**
If the maximum sentence authorized by statute is below, or a minimum sentence required by statute is above, the guideline range entered in Item 6, enter either the guideline range as restricted by statute or the sentence required by statute. (*See* U.S.S.G. § 5G1.1.) If the sentence on any count of conviction is required by statute to be consecutive to the sentence on any other count of conviction, explain why.



120

months

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

## WORKSHEET E (Authorized Guideline Sentences)

**1.   PROBATION**

    a.    <u>Imposition of a Term of Probation</u> (U.S.S.G. § 5B1.1)

    [X]    1.    Probation is not authorized by the guidelines (minimum of guideline range ≥ 10 months or statute of conviction is a Class A or a Class B felony). If this box is checked, go to Item 2 (Split Sentence).

    [ ]    2.    Probation is authorized by the guidelines (minimum of guideline range = zero months).

    [ ]    3.    Probation is authorized by the guidelines, provided the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention satisfying the minimum of the guideline range (minimum of guideline range > 0 months but ≤ 9 months).

    b.    <u>Length of Term of Probation</u>  (U.S.S.G. § 5B1.2)

    [ ]    1.    At least 1 year but not more than 5 years (total offense level ≥ 6)

    [ ]    2.    No more than 3 years (total offense level < 6).

    c.    Conditions of Probation (U.S.S.G. § 5B1.3)

**2.   SPLIT SENTENCE (U.S.S.G. § 5C1.1(C)(2), (D)(2))**

    [X]    a.    A split sentence is not authorized (minimum of guideline range = 0 months or ≥ 15 months).

    [ ]    b.    A split sentence is authorized (minimum of guideline range > 0 months but ≤ 12 months). The court may impose a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention for imprisonment, provided that at least one-half of the minimum of the guideline range is satisfied by imprisonment (if the minimum of the guideline range is 10 or 12 months), or that at least one month is satisfied by imprisonment (if the minimum of the guideline range is 1, 2, 3, 4, 6, 8, or 9 months). The authorized length of the term of supervised release is set forth below in Item 4.b.

**3.   IMPRISONMENT (U.S.S.G. CH. 5, PT. C)**

A term of imprisonment is authorized by the guidelines if it is within the applicable guideline range (entered in Item 6 of Worksheet D). (*See* U.S.S.G. § 5C1.1.)

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

**4.   SUPERVISED RELEASE (U.S.S.G. ch 5., pt. D)**

a.   Imposition of a Term of Supervised Release (U.S.S.G. § 5D1.1)
The court must impose a term of supervised release if it imposes a term of imprisonment of more than one year, or if it is required to do so by statute. The court may impose a term of supervised release if it imposes a term of imprisonment of one year or less.

b.   Length of Term of Supervised Release (U.S.S.G. § 5D1.2)
1.   At least 2 years but not more than 5 years, where the count of conviction is a Class A or a Class B felony, i.e., an offense carrying a maximum term of imprisonment $\geq 25$ years.

[X]   2.   At least 1 year but not more than 3 years, where the count of conviction is a Class C or a Class D felony, i.e., an offense carrying a maximum term of imprisonment $\geq 5$ years but $< 25$ years.

3.   1 year, where the count of conviction is a Class E felony or a Class A misdemeanor, i.e., an offense carrying a maximum term of imprisonment $> 6$ months but $< 5$ years.

4.   The statute of conviction requires a minimum term of supervised release of at least five years.

c.   Conditions of Supervised Release (U.S.S.G. § 5D1.3)
The court must impose certain conditions of supervised release and may impose other conditions of supervised release.

**5.   RESTITUTION (U.S.S.G. § 5E1.1)**

1.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664.) The court will determine who the victims are and their restitution amounts.

[X]   2.   The court *must* order full restitution to the victim(s) of the offense(s) of conviction. (*See* 18 U.S.C. §§ 3556, 3663A, 3664) The parties agree that full restitution is      $6,927,046.12

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

☐ 3. The parties agree that the court *may* order restitution to the victim(s) of the offense(s) of conviction in any amount up to and including $ _____ (*See* 18 U.S.C. §§ 3663(a)(3), 3664.)

☐ 4. The parties agree that the court **may also** order restitution to persons other than the victim(s) of the offense(s) of conviction in any amount up to and including $_____. (*See* 18 U.S.C. §§ 3663(a)(1)(A), 3663A(a)(3), 3664.)

☐ 5. Restitution is not applicable.

6. **FINE (U.S.S.G. § 5E1.2)**

   a. <u>Fines for Individual Defendants</u>

   The court must impose a fine unless "the defendant establishes that he [or she] is unable to pay and is not likely to become able to pay any fine." (*See* U.S.S.G. § 5E1.2(a).) Generally, the fine authorized by the guidelines is limited to the range established in the Fine Table. (*See* U.S.S.G. § 5E1.2(b).) However, there are exceptions to this general rule. (*See* U.S.S.G. § 5E1.2(b), (c)(4).)

   b. <u>Fine Range from Fine Table (U.S.S.G. § 5E1.2(c)(3))</u>

   | **Minimum Fine** | **Maximum Fine** |
   |---|---|
   | $30,000 | $250,000 or 2x gain or loss |

E-3

| Defendant: | Abdul Haq | Count: | One |
|---|---|---|---|
| Docket No.: | 17-CR-20465 | Statute(s): | 18 U.S.C. § 1349 |

**7.**    **SPECIAL ASSESSMENT(S) (U.S.S.G. § 5E1.3)**
The court must impose a special assessment on every count of conviction. The special assessments for individual defendants are:

- $100.00 for every count charging a felony ($400 for a corporation),
- $25.00 for every count charging a Class A misdemeanor ($125 for a corporation),
- $10.00 for every count charging a Class B misdemeanor ($50 for a corporation), and
- $5.00 for every count charging a Class C misdemeanor or an infraction ($25 for a corporation).

The defendant must pay a special assessment or special assessments in the total amount of $100

**8.**    **FORFEITURE (U.S.S.G. § 5E1.4)**

[X] Assets of the defendant will be forfeited.     [ ] Assets of the defendant will not be forfeited.

**9.**    **ADDITIONAL APPLICABLE GUIDELINES, POLICY STATEMENTS, AND STATUTES**
List any additional applicable guideline, policy statement, or statute.

_____

_____

_____

**10.**    **UPWARD OR DOWNWARD DEPARTURE (U.S.S.G. ch. 5, pts. H & K)**
List any applicable aggravating or mitigating circumstance that might support a term of imprisonment above or below the applicable guideline range.

_____

_____

_____

_____

E-4